# STATE OF MICHIGAN

# COURT OF APPEALS

---

DAVID TREMPER,

       Plaintiff-Appellee,

v

WESTLAND COLONIAL VILLAGE
APARTMENTS, WESTLAND COLONIAL
DELAWARE, LLC, and WESTLAND
COLONIAL VILLAGE, LLC,

       Defendants-Appellants.

UNPUBLISHED
June 16, 2016

No. 325176
Wayne Circuit Court
LC No. 13-007311-NO

---

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*)

I respectfully dissent. Defendant landlord does not dispute that there was a height differential between two slabs of its sidewalk in the common area of its apartment complex, and at least for purposes of this motion, defendant does not dispute that plaintiff tripped on the elevated slab suffering injury. According to plaintiff's testimony, the height differential was somewhere between 1 ½ inches to 3 inches in height. Defendant offered no evidence to contradict this testimony.

The majority correctly observes that a landlord need only maintain a sidewalk that is fit for its intended purpose and that such a duty can be met even if the sidewalk in question is not ideal or perfect. I fully agree with this view. More to the point, the duty in this case is not grounded in common law, but is a creature of statute. The duty defined by the text of the statute is that the common areas of the property must be "fit for the use intended by the parties." MCL 554.139(1)(a). While the duty of maintenance of areas shared in common by multiple tenants is less demanding than the duty to keep a particular tenant's premises in reasonable repair, "[k]eeping common areas fit for their intended use may well require a lessor to perform maintenance and repairs to those areas . . . ." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 433; 751 NW2d 8 (2008).

The issue before us then is not the nature of the duty; the statute makes that clear. The issue before us is who makes the determination as to whether that duty has been satisfied or not. The answer again is provided by the text of the statute, which we must apply as written. The legislature chose to leave the determination of whether a common area is fit for its intended use

to the trier of fact. It provided no definition, no guidelines, and no presumptions for either judges or jurors to follow. When the legislature wishes to define such matters it can readily do so. For example, MCL 691.1402a, which governs actions against local governments for defects in public sidewalks, sets forth a specific minimum level of vertical discontinuity that must be shown for the matter to be submitted to the jury. It provides:

> (3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

> * * *

> (4) Whether [this] presumption . . . has been rebutted is a question of law for the court. [MCL 691.1402a.]

Subsection (3)(a) of this statute leaves no doubt that the legislature knows how to direct the judiciary to require a particular height differential before allowing the issue of reasonableness to go to the jury. Subsection (4) leaves no doubt that the legislature knows how to tell us when an issue is "a question of law for the court," as opposed to a question of fact for the jury.

We are not, however, tasked with applying MCL 691.1402a in this case. Instead, MCL 554.139(1)(a) applies, and provides in pertinent part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:

> (a) That the premises and all common areas are fit for the use intended by the parties.

In this statute, the legislature did not direct the judiciary to require a particular height differential before allowing the issue of fitness to go to the jury, nor did it provide that such an inquiry was a question of law for the courts. Further, nothing in the statutory language suggests that whether the physical structure of a common area is fit for its intended use is a question of law as opposed to a question of fact.[1]

Whether this panel of three judges thinks this sidewalk was fit for its intended purpose is of no moment. The issue is whether a jury thinks it does. That is what the legislature has provided.

/s/ Douglas B. Shapiro

---

[1] In *Allison,* 481 Mich at 430, the Supreme Court held that a minor and transient natural accumulation of snow did not render a parking lot unfit for parking and accessing vehicles. The case did not involve allegations of structural defects in the parking lot itself.